## THE MODEMI. *

### A/S IVARANS REDERI OF OSLO, NORWAY, et al. v. WILLIAM WRIGLEY, JR., CO. et al.

### No. 6515.

Circuit Court of Appeals, Fifth Circuit.

June 1, 1932.

John D. Grace, M. A. Grace, and Edwin H. Grace, all of New Orleans, La., for appellants.

Henry P. Dart, Jr., of New Orleans, La., and T. Catesby Jones, of New York City, for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This is the appeal of the steamship Modemi from a decree in a suit against it alone, finding it at fault and condemning it to pay damages to the owners of cargo and personal effects lost on board the steamship Hermes when, as the result of a collision between the two vessels, it sank in the Mississippi river.

The witnesses are broadly in agreement as to the general setting in which the collision occurred. All are agreed as to the signals exchanged, as to the understanding regarding the terms of the passing agreement,

*Rehearing denied July 20, 1932.

as to the presence of fog, the continual sounding of signals, and generally, that in ample time and under circumstances favoring, in fact insuring, if ordinary care were used, safe passing, the vessels agreed to a port to port passing. As to many specific details, and particularly as to what occurred just before the actual collision, the evidence is in hopeless conflict. Those on the Hermes declare that with both vessels proceeding on such course as to leave ample clear water between them to assure a safe passage, the Modemi, when close to the Hermes, suddenly changed her course and ran head on into her, striking her with such violence as to tear her open and sink her. Those on the Modemi charge the Hermes with having, just before the collision, abruptly changed her course, and declare that but for the change there would have been no collision. Some of those on the Modemi, including the pilot, say that the progress of the Hermes was vacillating, changeable, and wavering, and that it looked to them that she was being badly steered.

Because libelants, under their undoubted right to do so, sued the Modemi alone, making none of the Hermes interests parties to the suit, the determination of the cause required only the finding whether the loss was caused or contributed to by the fault of the Modemi. It did not require a finding as to whether the Hermes was also at fault. The District Judge confining himself to the question at issue, in a careful and well-considered opinion 52 F. (2d) 756, pointed out, we think correctly, grave faults in the Modemi's navigation directly contributing to, if not solely causing, the injury.

Appellants do not attack the validity of the legal conclusion that if the Modemi by her fault contributed to the loss she must pay. They do, however, challenge vigorously the method employed by the court, of keeping an eye single to discover whether the Modemi was at fault as occluding the eye of the court to the real, the sole causative fault in the case, which they say was the faulty navigation of the Hermes, by fixing attention too exclusively on the movements of the Modemi. They say that the real cause of the collision was the confusion resulting from the failure to translate into Swedish practice the American pilot's orders, which resulted in causing a maneuver the direct opposite of that which the pilot ordered. Because of this insistence we have read the entire record as though both the Hermes and the Modemi were in the suit, each pressing fault upon the other, and so reading it we have concluded, as the District Judge did, that the Modemi was clearly at fault. Study of the record has convinced us, too, that the real fault in this case is not to be sought, or the real responsibility fixed, by a determination of what maneuver last preceded the collision. The fault lies farther back. Here is a case of two vessels, the one in, the other coming into, an enveloping fog, in a wide river which they had entirely to themselves, with nothing to prevent them, if they had used even less than ordinary care, from effecting the passing which they had in ample time agreed upon, coming into wholly unjustifiable and inexcusable collision. There are no physical facts from which we can determine whether the sudden looming up of the Modemi and the Hermes, as each appeared to the witnesses on the other when the crash was impending, was the result of a sudden wrong turn of the wheel in the fog on the one vessel or the other, on both or on neither. We cannot know whether the Modemi, after crossing the course of the Hermes, straightened up too much, or whether the Hermes, beating toward the middle of the river, beat over too far. We know that there in the fog, without any reasonable excuse on the part of either vessel for so doing, they suddenly collided.

It is true enough that the injury to the Hermes gives powerful testimony to the fact that the Modemi's stem pierced her side, and that such a blow would have resulted from a maneuver such as those on the Hermes swear the Modemi made. It is equally true, however, that if the Hermes was endeavoring, as some of those on the Modemi say, to cross the course of the Modemi and suddenly made a false turn of the wheel checking her forward movement, this would have thrown her port side into the Modemi's on-coming stem. There is no way for us, reading the record, to tell any better than those who made it, just what occurred immediately before the crash. We can see there, however, plainly standing out, that a passing which ought to have been attended with no difficulty whatever was made difficult and dangerous by the fault of both vessels to see to it that each should take only such part out of the great river at their service as that plenty of clear water would be left between them. We think the Hermes was at fault in coming on down through the fog so close to the Modemi as to permit an accident to occur should there be faulty steering, and we think it equally plain that the Modemi was at fault in navigating as she did, and that this fault was aggravated, if it was true as some of her witnesses testify, that they saw some time before the collision that the Hermes was steering badly.

918

We do not think it lies in the mouth of either vessel to insist that the real cause of the accident was the deflection in steering which each claims occurred on the other just before the collision. Steamships may not in a fog proceed as these two did, to converge upon each other taking chances of collision upon this or that turn of the wheel, where, as here, the river was wide and the time was ample to make safe passing certain. We thus, though we conclude the Hermes was at fault, arrive at the same conclusion the District Court did, that for its own fault the Modemi is responsible. Whether the Modemi was more at fault than the Hermes or the Hermes more at fault than the Modemi is not only wholly unimportant, but upon this record it cannot be told. It is sufficient to find, as the District Judge did and as we do, that the Modemi was at fault, and should repair the damage that fault has occasioned.

The judgment is affirmed.